UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE NEVILLE MORRIS,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C04-266C
(CR99-174C)

ORDER

This matter comes before the Court on Petitioner's Motion for Certificate of Appealability (Dkt. No. 48), Motion to take Judicial Notice (Dkt. No. 49), and Motion to Reopen the Time to File an Appeal (Dkt. No. 50). The Court hereby finds and rules as follows.

I.  Motion to Take Judicial Notice

Petitioner moves the Court to take "judicial notice" of certain alleged docketing errors. The alleged errors to which Petitioner refers appear in the "docket text" entries which summarize the document filed at the corresponding docket number. Because a "docket text" entry is not to be substituted for a thorough examination of the actual document linked to that docket number, the Court finds that the "docket text" entry does control either the Court's or the parties' understanding of the document. Such annotations are used solely to assist the reader in navigating a case's docket. The Court

ORDER – 1

thus declines to amend any docketing entries.

II. Motion to Reopen the Time to File

Normally, a party's time to file a notice of appeal in a civil case where the United States is a party lapses within 60 days after judgment is entered. Fed. R. App. P. 4(a)(1)(B). An exception to this rule applies if the party has filed a motion to alter or amend judgment under Fed. R. Civ. P. 59, in which case the time to file an appeal runs from the entry of the order disposing of such a motion. Fed. R. App. P. 4(a)(4)(A). The Court entered Judgment in this case on September 13, 2004. Petitioner filed a Motion to Alter or Amend Judgment (Dkt. No. 41) on October 5, 2004. The Court entered a Minute Order on December 1, 2004, addressing and disposing of this motion. Petitioner did not file his Notice of Appeal until May 23, 2005. Although Petitioner asserts that he timely filed a Motion for Certificate of Appealability on January 29, 2005, the Court is unaware of such a filing. Thus, the Court finds that Petitioner filed his Motion for Certificate of Appealability on May 23, 2005. Clearly the Motion was not timely filed.

The Court may reopen the time to file an appeal if three conditions are satisfied: (1) the motion is filed within 180 days after the judgment or order is entered; (2) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6). Petitioner has not satisfied any of these three conditions. The Court must deny his request to reopen the time to file an appeal.

III. Motion for Certificate of Appealability

Even if the Court were to find that Petitioner's Motion for Certificate of Appealability were timely filed (which it does not), or were to reopen the time to file (which it has not), the Court would nonetheless deny Petitioner's Motion. The Court may only issue a certificate of appealability if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Petitioner must show that reasonable jurists would find the issues presented

ORDER – 2

1  debatable, that a court could resolve the issues differently, or that the issues are adequate to encourage
2  Petitioner to proceed further. *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir.) (citations omitted),
3  *cert. denied*, 519 U.S. 1102 (1997). Petitioner has failed to meet any of these requirements.

4      In previously adopting Magistrate Judge Mary Alice Theiler's Report and Recommendation the
5  Court found that it did not lack jurisdiction to adjudicate his criminal trial. This finding comports with
6  binding Ninth Circuit precedent. *See United States v. Harris*, 108 F.3d 1107, 1108 (9th Cir. 1997). The
7  issue is not debatable, and it would be frivolous to encourage Petitioner to proceed further. Petitioner
8  has failed to satisfy the standard for a certificate of appealability.

9      In sum, Petitioner's Motions are DENIED.

10     SO ORDERED this  10th  day of June, 2005.

13 UNITED STATES DISTRICT JUDGE

26 ORDER – 3